IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY ALLEN STANCLIFF,

    Petitioner,                    No. CIV S-05-0816 GEB DAD P

    vs.

SUPERIOR COURT,                 FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

        Petitioner, a pretrial detainee at the Sacramento County Jail, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner contends that on November 10, 2004, he appeared in the Sacramento County Superior Court on criminal charges and the court declined to release him on his own recognizance, setting bail at $75,000.  Petitioner argues that the bail set is unjustified and excessive in violation of the Eighth Amendment prohibition against excessive bail.  He also contends that his due process and equal protection rights under the U.S. Constitution were violated by the setting of such a bail.

        A pretrial detainee seeking habeas relief does so pursuant to 28 U.S.C. § 2241(c)(3), under which no exhaustion of state remedies is mandated.  Nonetheless, in the

---

[1] Petitioner did not submit the filing fee or file an application requesting leave to proceed in forma pauperis.

1

context of state court bail processes in pending proceedings, principles of federalism and comity require that the federal courts refrain from intervention by way of habeas corpus until all adequate state court remedies have been exhausted.  See Finetti v. Harris, 609 F.2d 594, 597-98 (2d Cir. 1979); United States ex rel. Goodman v. Kehl, 456 F.2d 863, 869 (2d. Cir. 1972); see also Merrick v. Ornell, No. C 96-4659 MMC, C 96-4660 MMC, 1997 WL 12128, *1 (N.D. Cal. Jan. 8, 1997).  Here, petitioner filed a habeas petition with the Sacramento County Superior Court which was denied on March 10, 2005.  (Petition, Attach.)  Petitioner did not seek review by or file a habeas petition with the California Supreme Court.  Instead, he filed his federal habeas petition on April 26, 2005.  Petitioner has pointed to no special circumstances which would warrant excusing him from this exhaustion requirement.

Therefore, IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus be dismissed without prejudice to refiling after all state court criminal proceedings are completed and his available state court remedies have been exhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
stan816.156

2